# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KARL AMENSON,

        Petitioner,

v.                                      Case No. 04-C-335

JUDY SMITH,

        Respondent.

## DECISION AND ORDER

Proceeding under 28 U.S.C. § 2254, Petitioner Karl Amenson seeks relief from his 1999 conviction and sentence for homicide by intoxicated use of a vehicle. Although none of Amenson's claims appears to have merit, I do not decide his case on the merits. Instead, I conclude that he failed to file his petition within the time allowed under 28 U.S.C. § 2244(d)(1) and for that reason, his petition must be denied.

Because the respondent raises the one-year statute of limitations as a defense, *see* 28 U.S.C. § 2244(d)(1), some procedural history is appropriate. On April 28, 1999, Amenson pled no contest in Branch III of Brown County Circuit Court to charges of homicide by intoxicated use of a vehicle and OWI. He was sentenced on June 17, 1999 to fifteen years in prison for the homicide charge. In September 1999, he filed a postconviction motion alleging ineffective assistance of counsel, which the trial court denied on January 21, 2000. Amenson did not appeal.

As he did not appeal the denial of the first postconviction motion, the judgment of conviction became final on February 10, 2000 after the twenty-day period provided in Wis. Stat.

§ 809.30(2)(j) expired. 28 U.S.C. § 2244(d)(1)(A); *Staffa v. McCaughtry,* 2003 WL 23170808, *3 (W.D. Wis. 2003). The one-year period set forth in 28 U.S.C. § 2244(d)(1)(A) thus began to run on that date. Not all time following the finality of the judgment is counted toward the one-year period, however. Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." On July 21, 2000, 162 days after his judgment became final, Amenson filed another postconviction motion, which was denied on December 1, 2000 following a *Machner* hearing. Under § 2244(d)(2), therefore, the time between July 21 and December 1 is not counted against the one-year period. Some 33 days later, on January 3, 2001, Amenson filed another motion for postconviction relief, which was denied on January 21, 2001. The pendency of that motion also suspended the one-year period, which began running the next day. By that point (January 22, 2001) the one-year clock had run for 162 days between the finality of his judgment and his first postconviction motion, and 33 days between the denial of that motion and his filing of his new motion on January 3. Thus, by January 22, 2001, he had roughly 170 days remaining in the one-year limitations period. He did not file any postconviction motions within that time, however, and the one-year period expired in July 2001.

Amenson did file a postconviction motion in November 2001, which he appealed up to the state supreme court. He argues that the one-year clock did not begin to run until the supreme court denied his petition for review in August 2003. But a later-filed postconviction motion cannot resurrect the time period for filing a federal habeas action when that period has already expired. Amenson's argument is not novel, and has been rejected repeatedly. *Johnson v. McCaughtry,* 265 F.3d 559, 564-65 (7th Cir. 2001); *Sibley v. Culliver,* 377 F.3d 1196, 1204 (11th Cir. 2004)("none of

the documents Sibley attempted to file with the state courts after August 10, 2001-the deadline for filing a federal habeas petition-could in any way toll that deadline because, once a deadline has expired, there is nothing left to toll.") A petitioner in the Western District of Wisconsin made a similar claim, which was rejected by that court:

> Petitioner appears to contend that his petition is timely under § 2244(d)(1)(A) because he brought it within one year after the state supreme court denied his petition for review of the court of appeals' decision denying his postconviction motion to reinstate his direct appeal. <u>However, under § 2244(d)(1)(A), petitioner's conviction became "final" when the time expired within which he could have filed a direct appeal from his conviction.</u> That occurred on July 15, 1997, or 20 days after the trial court entered its amended judgment reflecting the sentence credit modification. Wis. Stat. § (Rule) 809.30(2)(j)(party has 20 days from date of entry of postconviction decision in which to file notice of appeal). <u>Petitioner's unsuccessful motion in November 2002 for reinstatement of his direct appeal did not undo the finality of that judgment.</u>

*Springer v. Benik,* 2004 WL 759563, *2 (W.D. Wis. 2004)(emphasis added).

Amenson also claims that the delay was due to the trial judge's own failure to address his motions in a timely fashion. But even accepting that as true, the delays while his motions were pending are *not* counted in the federal one-year limitations period. 28 U.S.C. § 2244(d)(2). Thus, he has not been prejudiced in any way by the circuit court's alleged slowness. Accordingly, because the present petition was filed after the statute of limitations expired, and because it is evident that none of the tolling factors set forth in § 2244(d) apply, the petition is dismissed as untimely.

Therefore, IT IS ORDERED that the petition is denied and this case is DISMISSED.

Dated this __10th__ day of January, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge